HARDIN
*vs*
STRADER.

---

EJECTMENT.

## Hardin *vs* Strader.

Case 88.

APPEAL FROM THE GREEN CIRCUIT.

*Unknown heirs. Certificate of publication. Editor.*
*Void. Erroneous.*

May 15.

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

The case stated.

MARK HARDIN having failed in an action of ejectment which he prosecuted against *Henry Strader*, for land to which he (Hardin) claimed title under a conveyance made to him in obedience to a decree rendered against the heirs of one *Estis*, the patentee, sued under the statute as *"unknown heirs,"* now complains to this Court that the Circuit Judge erred, on the trial below, in rejecting the record of that suit in chancery, on the ground that the certificate of publication against the unknown heirs, purports to have been made by an *editor* merely, and that, therefore, in the opinion of the Judge, the decree was *void*.

A decree against *unknown .heirs* obtained upon the certificate of an "editor" is not void, it might be erroneous.

It was said, *arguendo*, in the case of *Jeffries' heirs* vs *Callis*, 4 *Dana*, 465, that a decree rendered against unknown heirs, on a certificate of publication by an *editor*, should not be deemed void merely because the certifier had not described himself as "printer," according to the letter of the statute; and not doubting the correctness of that *obitur* suggestion, we now judicially recognize it as the true doctrine of the law in all cases.

Such a certificate importing, as it does in this case, *the fact* of such *a publication as the statute requires*, the decree rendered thereon cannot surely be *void*, only because the Court had admitted other evidence of the fact than

that literally prescribed as sufficient. In such a state of case, this Court cannot presume that there had been no constructive notice as it might do had the record exhibited no certificate or other evidence of a statutory publication. If the Circuit Judge erred in admitting insufficient or incompetent proof of a fact necessary to give him jurisdiction, nevertheless *the fact* appearing in the record, its non-existence cannot be presumed, although for want of the prescribed form of proof, the decree might be erroneous.

The record before us, apparently imperfect, does not show that there was any affidavit of the alleged fact that Estis's heirs were unknown to the complainant. Without such an affidavit the Court may have had no jurisdiction to proceed against them as unknown heirs. But, as no such objection seems to have been made in the Circuit Court or has been suggested here, we will not now consider it, especially as from all the circumstances appearing, we are allowed to presume that the clerk has inadvertently omitted to show, in his transcript, the verification of the bill, as well as the time and manner of filing it, neither of which facts appear.

Judgment reversed and cause remanded ror a new trial.

*Buckner* for appellant: *Monroe and Willis* for appellee.